UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEFFREY ACHESON DOWELL, )
)
    Plaintiff )
)
v. ) No. 2:13-cv-246-JDL
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant )

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge wrongly failed to obtain an opinion on his physical limitations from a treating or examining source, performed an inadequate evaluation of his credibility, and posed a defective hypothetical question to the vocational expert. Because there is no evidence in the record to support the administrative law judge's findings regarding the plaintiff's physical limitations, I recommend that the commissioner's decision be reversed and the case remanded.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD only through June 30, 2011, Finding 1, Record at 21; that he suffered from degenerative disc disease and obesity as a complicating factor, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 21-25; that he had the residual functional capacity ("RFC") to perform the full range of medium work, Finding 5, *id.* at 27; that he was capable of performing his past relevant work, Finding 6, *id.* at 31; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, at any time form September 1, 2010, the alleged date of onset, through the date of the decision, August 17, 2012, Finding 7, *id.* at 32. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of

past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

### A. State-Agency Physicians and Credibility

While the plaintiff separately presents challenges to the administrative law judge's rejection of the state-agency reviewing physician's reports and his treatment of the plaintiff's credibility, they are so closely intertwined in this case that I will address them together.

The plaintiff begins with an argument that the administrative judge erred by assigning no weight to the opinions of two state-agency reviewing physicians, Dr. Donald Trumbull and Dr. Iver Nielson. Plaintiff's Memorandum of Law in Support of a Social Security Appeal ("Itemized Statement") (ECF No. 19) at 11. Both physicians assigned the plaintiff a light exertional level. Record at 62, 82. These evaluations were completed in February and June 2011. *Id.* at 64, 73, 84, 93. The hearing was held on July 6, 2012. *Id.* at 18.

The administrative law judge said the following about the state-agency evaluations:

> State agency reviewing medical expert Donald Trumbull, M.D., concluded on June 17, 2011 that the claimant had the exertional capacity to perform light work but was limited to occasionally climbing ramps and stairs; never climbing ropes, scaffolds, or ladders; frequently balancing, occasionally stooping, kneeling, crouching, and crawling; and must avoid irregular, uneven, or sloping walking surfaces (Ex. 5A and 6A). Iver Nielson, M.D., the State Agency Medical expert who reviewed the medical record at the initial level on March 24, 2011, found a very similar residual functional capacity, except he found no restriction for avoiding irregular, uneven, or sloping walking surfaces (Ex. 1A and 2A).
>
> The undersigned has not ignored these medical opinions, but they are too generous. Neither Dr. Trumbull nor Dr. Nielson cited more than the diagnosis of degenerative disc disease or the claimant's subjective complaints of difficulty bending, tying his shoes, sitting for too long, numbness in the right leg, back spasms, and recurring rib and lower back

> "disjointed." Drs. Nielson and Trumbull gave undue weight to the claimant's subjective allegations, which the undersigned finds unwarranted. To find the claimant limited to even a full range of light work in view of his daily activities would be fiction. The undersigned gives no[] weight to the opinions of Drs. Nielson or Trumbull.

Record at 31.

The parties agree that there is no other medical evidence in the record concerning any work-related limitations caused by the plaintiff's degenerative disc disease, Itemized Statement at 14; Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 23) at 5, which the administrative law judge found to be a severe impairment, Record at 21, and both Dr. Nielson and Dr. Trumbull identified as the fact upon which their stated limitations were based, *id.* at 62, 72, 83, 92. The defendant points out that it was the plaintiff's burden to submit such evidence, citing 20 C.F.R. §§ 404.1512(c) and 416.912(c). Opposition at 5.

The state-agency reviewer's reports are short on detail. Asked to "[e]xplain exertional limitations and how and why the evidence supports your conclusions. Cite specific facts upon which your conclusions are based[,]" each responds only "DDD L-spine." Record at 62, 71, 83, 92. They both answer "yes," however, to the question "Are the individual's statements about the intensity, persistence, and functionally limiting effects of the symptoms substantiated by the objective medical evidence alone?" *Id.* at 71, 91.

I agree that Drs. Nielson and Trumbull gave inadequate explanations of the basis for their conclusions. It is true, as the defendant asserts, Opposition at 3, that a diagnosis of degenerative disc disease, standing alone, does not establish the severity of the disease nor the limitations that result for a particular individual. *See, e.g., Pence v. Commissioner of Soc. Sec.* No. 1:13CV287, 2014 WL 1153704, at *11 (N.D. Ohio Mar. 20, 2014); *Messina v. Astrue*, No. 1:12-cv-95, 2013 WL 393917, at *8 (S.D. Ohio Jan. 29, 2013). However, the defendant turns to the state-agency

physician reviewers' reports precisely because the reviewers are physicians, with the expertise to determine how severe an impairment is or what work-related limitations it imposes on a particular individual. In this context, that fault in the state-agency reports is not determinative, but it does support giving those reports limited weight. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

The defendant may consider a claimant's statements about symptoms once the diagnosis is confirmed as a severe impairment, as is the case here. *E.g., Sullinger v. Astrue*, Civil No. 12-231-GFVT, 2014 WL 1331163, at *10 (E.D. Ky. Mar. 31, 2014). Dr. Nielson and Dr. Trumbull both found the plaintiff's statements as reported in the medical records to be credible. Record at 71, 82. The administrative law judge strongly disagreed with these assessments of credibility, and he was in a better position than the state-agency physicians to judge the plaintiff's credibility.[2]

Contrary to the plaintiff's assertion, he has not shown that the administrative law judge "erred in analyzing the required factors when assessing Plaintiff's credibility." Itemized Statement at 15. The two minor inaccuracies that he identifies in the administrative law judge's recounting of his testimony, *id.* at 16-17, are not enough to overcome the many instances of inconsistencies in and between the plaintiff's reports to his treating medical professionals and his testimony. Record at 24-25, 25-27, 28, 29-30. The administrative law judge set forth the plaintiff's inconsistencies in considerable detail, and it is insufficient, and inaccurate, for the plaintiff to attempt to dismiss those discussions as "largely based on an inaccurate recitation of facts." Itemized Statement at 17.

Assuming *arguendo* that the administrative law judge properly rejected the opinions of Dr. Nielson and Dr. Trumbull, the question becomes whether the admitted lack of opinions concerning

---

[2] The administrative law judge rejected the plaintiff's reports and testimony about the limitations caused by his impairment for reasons based on substantial evidence. To the extent that he rejected the reports of Drs. Nielson and Trumbull on this basis, he did not, contrary to the plaintiff's contention, "impermissibly substitute[e] his lay opinion for [their] medical opinions[.]" Itemized Statement at 13.

5

work-related limitations caused by the plaintiff's degenerative disc disease in the record may be laid at the door of the plaintiff, for failing to provide such evidence at a point in the proceedings where he had the burden of proof,[3] or may entitle him to remand, based on the administrative law judge's failure to seek out such opinions or refer the plaintiff for a consultative examination. The plaintiff cites 20 C.F.R. §§ 404.1520b(c)(1)-(4), 416.920b(c)(1)-(4), and 404.1519a(b)(1)-(4), 416.919a(b)(1)-(4), in support of his contention that he is entitled to remand on this basis. Itemized Statement at 14-15.

An administrative law judge may properly reject a claim for benefits for lack of evidence. *E.g., Bout v. Commissioner of Soc. Sec.*, No. 1:09cv45, 2010 WL 565252, at *6 (W.D. Mich. 2010). However, that was not what the administrative law judge did in this case, and the defendant merely mentions this failure by the plaintiff rather than relying it as a reason for affirming her decision. Opposition at 5.

The regulations cited by the plaintiff provide, in relevant part, that "[a] consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim." 20 C.F.R. §§ 404.1519a(b), 416.919a(b). An administrative law judge has discretion regarding whether to order a consultative examination, *Rudge v. Astrue*, No. 1:11-cv-440-DBH, 2012 WL 5207591, at *2 (D. Me. Sept. 30, 2012), but that discretion is limited. A consultative examination may be necessary when the evidence as a whole is insufficient to support a decision. *Bishop v. Barnhart*, 78 Fed.Appx. 265, 268 (4th Cir. 2003); *McCuller v. Barnhart*, 72 Fed.Appx. 155, 160 n.5 (5th Cir. 2003).

---

[3] The plaintiff's attorney apparently attempted to provide "residual functional capacity and mental capacity assessments" from Dr. Ehret, a treating source, at the start of the hearing. Record at 36. He also discovered that an unspecified form completed by Dr. Levitt which he apparently believed had been submitted in support of the plaintiff's position was not in the administrative record. *Id*. at 38. The administrative law judge refused to admit additional records from either physician because they were not submitted five or more days before the date of the hearing. 20 C.F.R. § 405.331. The plaintiff has not challenged this ruling in his itemized statement.

The defendant asserts, in conclusory fashion, that "[i]t was within the ALJ's discretion to find the evidence sufficient to render a decision here." Opposition at 5. If that were a correct statement of the law, no opinion of the defendant denying a claim for benefits could ever be overturned due to a lack of evidence. Since the existence of substantial evidence in the record is the central question in performing judicial review of such decisions, the defendant's assertion is obviously incorrect.

Here, where the administrative law judge's rejection of the only medical opinions in the record concerning limitations caused by the plaintiff's severe impairment was accompanied by his rejection of the plaintiff's testimony on that subject as less than credible, there is no evidence in the record upon which the physical limitations assigned to the plaintiff's residual function capacity by the administrative law judge can rest. Thus, remand is required.

This conclusion makes it unnecessary to consider the plaintiff's argument that remand is also indicated because the administrative law judge did not attempt to contact her treating physicians directly. Itemized Statement at 14-15. *See* 20 C.F.R. §§ 404.1520b(c)(1), 426.920b(c)(1). I note, however, that the defendant's assertion that the administrative law judge was not required to attempt to obtain further information from Dr. Ehret because he explained that he would not expect any opinion from her to support greater limitations than those he had included in the RFC that he assigned to the plaintiff, Opposition at 5-6, appears to have merit.

### B. Other Challenges

My conclusion regarding the sufficiency of the evidence makes it unnecessary to consider the plaintiff's other challenges to the commissioner's decision, but I note that his assertion that the administrative law judge "relied upon an incomplete hypothetical question asked to the vocational expert," Itemized Statement at 17-18, fails to identify in what respect any hypothetical question

7

posed to the vocational expert at the hearing was "incomplete." Accordingly, the claim is waived. *Rucker v. Colvin*, Civil No. 2:13-CV-218-DBH, 2014 WL 1870731, at *5 (D. Me. May 8, 2014).

The plaintiff also contends that the administrative law judge "erred in failing to appropriately apply Medical-Vocational Rule 202.06 which would have directed a finding of disability." Itemized Statement at 18-19. The administrative law judge did not reach Step 5 of the sequential evaluation process, which is the only point at which the Grids apply. *Eckberg v. Astrue*, No. CV-11-537-PHX-SMM, 2012 WL 2930052, at *6-*7 (D. Ariz. July 18, 2012) (where ALJ ended analysis at Step 4, Grid rules not applicable, and appeal based on Grid must be rejected).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge