# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY ACHESON DOWELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-246-JDL |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES PURSUANT TO THE EAJA

The plaintiff applies for an award of attorney fees in the sum of $8,825.34 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after obtaining reversal and remand of an adverse decision by the commissioner. *See* Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") (ECF No. 34); Attorney's Affidavit and Memorandum in Support of Motion for EAJA Fees ("Olinsky Aff.") (ECF No. 34-1), attached thereto. He seeks an additional $484.45 for 2.5 hours of attorney time spent drafting a reply in support of the Motion, for a total of $9,309.79. *See* Plaintiff's Attorney's Reply Brief in Support of the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Reply") (ECF No. 36) at 8.[1] For the reasons that follow, I recommend that the court grant the Motion, but award a total of only $6,887.54 in fees.

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including

---

[1] The plaintiff also sought an award of $879.47 for various costs. *See* Motion at 1. However, he effectively waived that request by not pressing it in his reply brief after the commissioner represented, in her opposing brief, that his attorney did not contest her objection to that award. *See* Defendant's Opposition to Plaintiff's Motion for Attorney's Fees Pu[r]suant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Opposition") (ECF No. 35) at 3; *see generally* Reply.

1

proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses of attorneys[.]" *Id*. § 2412(b). "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). "The plaintiffs bear the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Maine Dep't of Corr.*, 387 F. Supp.2d 57, 60 (D. Me. 2005).

The commissioner concedes that the plaintiff is a prevailing party entitled to an EAJA award. *See* Opposition at 2. She does not contest a requested award of $144 for 1.8 hours of attorney time spent on administrative work, calculated at the rate of $80 per hour, or the requested hourly rate of $193.78 for attorney time spent on other work. *See id*. at 3-7. However, she opposes the plaintiff's bid for an award for 44.8 hours of time spend on substantive work, contending that this case warranted no more than 25 hours of attorney time. *See id*. at 4-6.

She asserts that, in this district, attorneys representing Social Security claimants generally have received EAJA awards of between $3,000 and $5,000 for 20 to 25 hours of work on a case, a proposition for which she cites five recent cases. *See id*. at 5-6 & n.1; Exhs. 1-2 thereto (EAJA award in *Anglen v. Colvin*, No. 1:13-cv-167-NT (D. Me. July 8, 2014), of $2,886 for 15.6 hours of attorney time); Exhs. 3-4 thereto (EAJA award in *Thompson v. Colvin*, No. 1:12-cv-369-DBH (D. Me. Nov. 25, 2013), of $4,555.78 for, by my calculations, 21.5 hours of attorney time and 3.85 hours of paralegal time plus costs); Exhs. 5-6 thereto (EAJA award in *Tompkins v. Colvin*, No. 1:13-cv-73-GZS (D. Me. May 8, 2014), of $3,991.31 for 19.05 hours of attorney time and 5.75 hours of paralegal time); Exhs. 7-8 thereto (EAJA award in *Palmer v. Colvin*, No. 2:13-cv-194-

2

NT (D. Me. June 19, 2014), of $3,636 for 20.2 hours of attorney time); Exhs. 9-10 thereto (EAJA award in *Healey v. Colvin*, No. 1:13-cv-101-DBH (D. Me. June 2, 2014), of $5,248.38 for, by my calculations, 27.3 hours of attorney time and 4.8 hours of paralegal time plus costs).

She adds that (i) the plaintiff's attorney, Howard Olinsky, is a very experienced Social Security attorney, (ii) while Olinsky, who is from New York, does not typically practice in the First Circuit, he raised three issues typical of a Social Security case in any jurisdiction – evaluation of medical opinions, evaluation of credibility, and vocational expert testimony, and (iii) the administrative record was only 422 pages long. *See id*. at 6. She contends that an award of the fee sought in this case would be "grossly out of line" with those awarded in recent Social Security cases. *See id*.

The plaintiff counters:

1. As this court has acknowledged, the commissioner routinely concedes in other courts that "a claim for up to forty hours of attorney time is within the pale for a typical Social Security case." Reply at 1 (quoting *Golfieri v. Astrue*, No. 06-14-B-W, 2007 WL 922256, at *3 (D. Me. Mar. 26, 2007) (rec. dec., *aff'd* Apr. 16, 2007)). The court has discretion to deviate from that range, awarding compensation from a higher number of hours, when doing so would be reasonable in the circumstances. *See id*. at 1-2.

2. Many courts have criticized the approach of reducing the number of compensable hours to fit within a typical range or reflect the "average" time spent on other cases. *See id*. at 3-4 (citing, *inter alia*, *Costa v. Commissioner of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *Crim v. Commissioner of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476 (S.D. Ohio Mar. 14, 2013) (rec. dec., *aff'd* July 5, 2013); *Christmas v. Astrue*, No. 3:09CV00005, 2010 WL 2326510 (W.D. Va. June 9, 2010)).

3

3. In similar cases, the United States District Courts for the Northern District of New York, the Western District of New York, and the Northern District of Georgia have approved EAJA awards to Olinsky of $8,250, $7,900, and $8,374.67. *See id*. at 4.

4. For the proposition that it is appropriate to look to awards in similar cases, the commissioner cites *Kimball v. Shalala*, 826 F. Supp. 573, 578 (D. Me. 1993), which is inapposite because it pertains to a fee request pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), not the EAJA. *See id*. at 4-5.

5. The instant case turned on the administrative law judge's failure to support his residual functional capacity determination with any evidence from a medical source, an issue that is treated differently by different circuit courts of appeals. *See id*. at 5-6. It was necessary for Olinsky to research the First Circuit's treatment of the issues in the case. *See id*. at 6-7.

6. With respect to the assertedly small size of the record, Olinsky spent 5.5 hours reviewing, making notes, and marking the administrative transcript in preparation for writing the brief. *See id*. at 6. This translates to approximately 1.28 pages per minute. *See id*. A speedier, more cursory review would have been neither diligent nor prudent. *See id*.

7. A plaintiff's attorney's expertise can be a basis for increasing an EAJA award. *See id*. at 7. Courts have declined to reduce fees simply because attorneys are experienced in Social Security law. *See id*.

To the extent that the plaintiff contends that it is inappropriate to measure the reasonableness of a Social Security EAJA fee request in part by the yardstick of awards made in comparable cases, I disagree. It is true that the portion of *Kimball* cited by the commissioner pertains to section 406(b) fee requests rather than requests pursuant to the EAJA. *See Kimball*, 826 F. Supp. at 578. Nonetheless, the plaintiff's own authorities indicate that a court appropriately

takes into account average ranges of hours in assessing the reasonableness of an EAJA fee request. Indeed, while the United States Court of Appeals for the Ninth Circuit concluded in *Costa* that it was "an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases[,]" it acknowledged that the typical range of hours was a fact that district courts "may consider . . . in determining the reasonableness of a specific fee request" so long as they "explain[ed] why the amount of time requested for a particular task is too high." *Costa*, 690 F.3d at 1136.

In addition, in *Crim,* another case cited by the plaintiff, the United States District Court for the Southern District of Ohio "respectfully part[ed] ways with *Costa* to the extent that the court in one breath permits trial courts to 'consider,' as a legitimate factor, widespread knowledge of the normative ranges of hours spent in similar social security cases, but in the next breath questions 'the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend[.]'" *Crim*, 2013 WL 1063476, at *3 (citation omitted). The court observed:

> Taken to its extreme, *Costa* would require courts to focus on individual time entries to the detriment of common sense, and in so doing would result in an enormous expenditure of judicial resources to ferret out wasteful attorney time entries one by one.

> ∗∗∗

> Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule, often (as in this case) with just a single substantive brief submitted by each party. Still, neither the Sixth Circuit nor any court within it has imposed a hard and fast rule concerning the maximum number of hours considered to be 'reasonable' for litigating a social security case. In addition to fact-driven characteristics that influence the amount of research and writing time required, no social security grid-like rule can fully account for human variations in the time it takes to complete a given task. . . .

5

> [N]otwithstanding the subjective qualities of both the case and counsel that will result in a compensable *range* of hours, some level of objectivity is required to guard the boundaries of that subjective range. In this district, an average range of fifteen to forty hours is an appropriately objective guideline that should inform judicial discretion in determining a 'reasonable' number of hours for most fee awards in social security appeals, to the extent that analysis of the characteristics of an individual case confirms that it should fall within normative values. In truth, most cases are likely to be completed within thirty hours.
>
> With that said, forty hours is not intended to constitute an absolute 'cap.' Rather, this average range provides only a useful starting point, and a frame of reference. Thus, in cases in which the number of hours claimed far exceeds the average range, it is natural to more carefully scrutinize the basis for that added expense (especially when challenged by opposing counsel) – in the same way that the EAJA requires courts to scrutinize whether an attorney is entitled to a higher hourly award than the $125 statutory rate.

*Crim*, 2013 WL 1063476, at *4-*5 (emphasis in original).

The *Crim* court's reasoning is persuasive and is consistent with the approach that has been taken in evaluating Social Security EAJA fee cases in this district. *See, e.g., Guimond v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00037-JAW, 2011 WL 3100537, at *2 (D. Me. July 25, 2011) (rec. dec., *aff'd* Sept. 6, 2011) ("Although the Commissioner has failed to contest the amount of counsels' fee application, the request is excessive. Counsels' statement of errors included an argument that was not successful and, moreover, the nature of the issue that generated the remand order was not exceedingly complex. Despite these characteristics, counsels' fee application asserts roughly 50 hours of attorney effort. Lead counsel has discounted this number to 40 hours, voluntarily, but I fail to see why this litigation would have required greater than 30 hours of attorney time. This allows for some additional hours beyond what is customarily reported by counsel in routine cases, recognizing that this case involved a larger than average record."); *Adams v. Astrue*, Civil No. 09-356-BW, 2010 WL 2287473, at *1 (D. Me. June 1, 2010) (rec. dec., *aff'd* June 22, 2010) (reducing requested fee award for paralegal time incurred in drafting brief from

30.55 to 16 hours; noting, "I agree that a 10-page statement of errors, based on a record shorter than the average for a Social Security disability case, should not require 30.55 hours to create, for a paralegal working in the plaintiff's law firm specializing in such cases.") (citation and internal quotation marks omitted). Accordingly, I follow that approach here.

This case qualifies as a "typical" Social Security case. It involved three commonplace issues and a relatively small administrative record. The parties disagree as to the yardstick by which the reasonableness of the hours invested in such a case should be gauged. The plaintiff suggests a range of 20 to 40 hours, and the commissioner 20 to 25 hours. *Compare* Reply at 1-2 *with* Opposition at 5-6. The plaintiff points to no case in this district awarding an EAJA fee for 40 hours of work in a garden-variety Social Security case, and I know of none. Yet, my research suggests that the high end of the range may be closer to 30 than to 25 hours. *See, e.g., Haskell v. Social Sec. Admin. Comm'r*, No. 1:11-cv-289-GZS, 2012 WL 1463300, at *2 (D. Me. Apr. 24, 2012) (rec. dec., *aff'd* May 15, 2012) (EAJA fee award of $3,375.38 for 5.55 hours of attorney time and 31.5 hours of paralegal time); *Pelletier v. Social Sec. Admin. Comm'r*, No. 1:10-CV-00438-DBH, 2011 WL 5545658, at *3 (D. Me. Nov. 10, 2011) (rec. dec., *aff'd* Dec. 2, 2011) (EAJA fee award of $5,477.50 for 26.2 hours of attorney time and 10.2 hours of travel time and the performance of paralegal/administrative tasks); *Guimond*, 2011 WL 3100537, at *2 (EAJA fee award of $5,353 for 30 hours of attorney time and 1.5 hours of paralegal time).

Nonetheless, for purposes of resolution of the instant case, the court need not definitively plot the outer edge of the range in this district. The plaintiff's bid for recompense for a total of 47.3 hours of substantive attorney time (the 44.8 hours invested in the appeal and preparation of the Motion, plus the 2.5 hours expended in drafting the reply brief in support of the Motion)

exceeds even the top end of his suggested range, warranting enhanced scrutiny of his counsel's itemized statement.

Based on that scrutiny, I conclude that the number of hours claimed is excessive.[2] The itemized bill reflects that Olinsky and/or his staff devoted 5.5 hours on November 6, 2013, to reviewing the transcript, making notes, and marking the transcript in preparation for writing the brief, 7 hours on December 18, 2013, to legal research and starting to draft the brief, 6.8 hours on December 20, 2013, to drafting the brief, 6.9 hours on December 23, 2013, to reviewing a draft of the brief, editing, and making suggested changes, and 5.9 hours on December 26, 2013, to incorporating changes, a final review, and filing the brief. *See* Olinsky Aff. ¶ 9; [Itemized Statement], attached thereto.[3] All told, Attorney Olinsky or his staff devoted a total of 32.1 hours to the preparation of the brief. This is excessive for an experienced practitioner, even allowing for Attorney Olinsky's need to conduct research to familiarize himself with First Circuit caselaw and for a careful record review. *See Crim*, 2013 WL 1063476, at *4 n.5 (noting that "a more experienced attorney might be expected to complete a case in fewer hours"). This task reasonably should have been accomplished in two-thirds of that time, warranting a deduction of 10 hours from the total for which fees are requested.

A final matter remains. The plaintiff's request for fees incurred in connection with the filing of his reply brief in support of his EAJA fee petition is not properly presented. He should, at a minimum, have attached a supplemental affidavit of counsel. *See, e.g., Godsey v. Astrue*, Civil No. 08-410-P-S, 2009 WL 3152061, at *1 (D. Me. Sept. 28, 2009) (rec. dec., *aff'd* Oct. 19, 2009).

---

[2] The commissioner made no attempt to identify any particular billing entries that she considered excessive. *See generally* Opposition. The omission, while unhelpful, is not fatal. The commissioner does not bear the burden of proving the unreasonableness of an EAJA fee request; rather, the claimant bears the burden of proving its reasonableness. *See, e.g., Mason*, 387 F. Supp.2d at 60.

[3] The itemized descriptions suggest that one person may have drafted the brief and another may have reviewed it.

The better practice is to file a supplemental motion attaching an affidavit with respect to the fees incurred in filing the reply brief – a style of presentation that affords the commissioner an opportunity to respond. *See, e.g., Stern v. Astrue*, Civil No. 08-213-P-S, 2009 WL 4508412, at *1 (D. Me. Nov. 29, 2009) (rec. dec., *aff'd* Dec. 18, 2009). On that basis, I recommend that the plaintiff's request for an additional $484.45 for 2.5 hours of attorney time spent drafting a reply in support of the Motion be denied.

For these reasons, I recommend that the court **GRANT** the Motion but award a total of $6,887.54 in EAJA fees, representing reimbursement of $144 for 1.8 hours of attorney time spent on administrative work, calculated at the rate of $80 per hour, and $6,743.54 for 34.8 hours of substantive attorney time, calculated at the rate of $193.78 per hour.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge